IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARC V. MILLER,

    Petitioner,

v.                                                                 CASE NO. 1:10-cv-00112-MP-AK

FLORIDA PAROLE COMMISSION,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which Petitioner challenges the revocation of his parole from Broward County convictions of second degree murder and aggravated battery. Although Petitioner filed his claims pursuant to § 2241, because he is "in custody pursuant to the judgment of a State court," he is subject to the requirements of 28 U.S.C. § 2254, notwithstanding that he challenges a decision of the Florida Parole Commission. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Thus, the venue provisions of § 2241(d), which govern habeas petitions filed by prisoners in custody pursuant to a judgment of a State court, also apply to this case. *See*, *e.g.*, *Reyes v. Singer*, ___ F. Supp. ___, 2010 WL 680355, *3-*4 (N.D. Fla. 2010). Pursuant to § 2241(d):

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the

application to the other district court for hearing and determination.

Petitioner is presently confined at Union Correctional Institution, within the Middle District of Florida.  He was convicted and sentenced in Broward County, within the Southern District of Florida.  Thus, pursuant to § 2241(d), venue is not proper in the Northern District of Florida.  Pursuant to 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought."  The district of conviction would appear to be the most appropriate forum for transfer, since that is where any necessary witnesses are likely located.  *See Parker v. Singletary*, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction).

Accordingly, it is

**ORDERED AND ADJUDGED:**

This case is hereby **TRANSFERRED** to the Southern District of Florida for all further proceedings.

**DONE AND ORDERED** this  *8th*   day of July, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:10-cv-00112-MP-AK*